UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
LONGVIEW SPECIAL FUND, INC. &  :
LONGVIEW FUND, L.P.,           :
:
                Plaintiffs,  :
:
  -against-                   :
:
BIO-KEY INTERNATIONAL, INC.,   :
:
:
                Defendant.   :
-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/09

**CIVIL CASE MANAGEMENT PLAN**

(Judge Gerard E. Lynch)

Docket #: 09cv00904

After consultation with counsel for all parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

1.    The case is to be tried by a jury.   _X_ Yes     ___ No

       Scheduling of pre-trial practice should be arranged with a view to having the case ready for trial within approximately twelve months of the initial pre-trial conference. For routine cases, discovery should be completed within six months of that conference.

2.    Joinder of additional parties must be accomplished by __October 30, 2009__.

3.    All discovery (including expert discovery) is to be completed by __November 30, 2009__. All fact discovery is to be completed by __September 30, 2009__.

       Interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion dates ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

      A.    First request for production of documents, if any, to be served by __May 25, 2009__.

      B.    Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern District of New York to be served by __May 25, 2009__. No other interrogatories are permitted except upon prior express permission of the Court.

C.  Fact depositions to be completed by __September 30, 2009__.

  i.  Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any first requests for production of documents.

  ii.  Depositions shall proceed concurrently.

  iii.  Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

  iv.  No depositions shall be extended beyond two business days without prior leave of the Court.

  v.  The parties agree that the maximum number of depositions by each of the plaintiffs and the defendant will be: _10_ and that each deposition will be limited to a maximum of _8 hours_.

D.  Expert Discovery

  i.  Experts for plaintiff(s), if any, are to be designated by __October 10, 2009__, and expert reports for plaintiff(s), shall be served by __October 10, 2009__.

  ii.  Experts for defendant(s), if any, are to be designated by __October 10, 2009__, and expert reports for defendant(s), shall be served by __October 10, 2009__.

  iii.  Experts may be deposed; expert depositions are to be completed by __November 30, 2009__.

4.  **Dispositive Motions.** A schedule for dispositive motions, if any, will be set at the post-discovery conference.

  All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers are to be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time. Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument is to be held.

5.  **Joint Pretrial Order.** The joint pretrial order shall be filed no later than 30 days after completion of discovery, or after the final decision of any dispositive motion, whichever

is later, unless a different date is set by order of the Court. The requirements for the pre-trial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

6. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

7. **Discovery Disputes.** Unless otherwise directed, counsel should describe their discovery disputes in a <u>single letter, jointly composed</u>. Separate and successive letters will be returned, unread. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

8. Counsel consent to trial (or other dispositive decision) by a U.S. Magistrate Judge.

        Yes_____        No___X_____


**NEXT CASE MANAGEMENT CONFERENCE** __October 16, 2009 at 10:00 a.m.__
                    *(To be completed by the Court)*

**Dated:**                  **SO ORDERED:**
**New York, New York**

*April 29, 2009*

                                         **GERARD E. LYNCH**
                                         **United States District Judge**